**At UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JENNIFER JORDAN,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1825** |
| **DOLLAR TREE STORE, INC.,**<br>**Defendant** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a Motion in Limine to Exclude and/or Limit Medical Expert Testimony filed by Defendant Dollar Tree Store, Inc. ("Defendant").[1] Also before the Court is a Motion for Summary Judgment filed by Defendant.[2] Plaintiff Jennifer Jordan filed oppositions to both motions.[3] Defendant filed replies.[4]

## BACKGROUND

This is a personal injury lawsuit. Plaintiff alleges that, while on the premises of a store owned and operated by Defendant, she tripped over a cracked floor tile, causing her to stumble and her knee to "pop," resulting in serious injuries to her knee as well as physical, mental, and emotional pain and suffering.[5]

The following facts are undisputed. On January 7, 2025, before the incident occurred, Dr. Matthew Webb examined Plaintiff, who complained of bilateral knee pain, with more severe pain in the left knee than the right.[6] On or about April 14, 2025, Plaintiff was shopping at the Dollar Tree Store located at 8832 Veterans Memorial Boulevard in

[1] R. Doc. 29.
[2] R. Doc. 30.
[3] R. Docs. 31, 32.
[4] R. Docs. 35, 36.
[5] R. Doc. 1 at p. 2 ¶ 5.
[6] R. Doc. 30-2 at ¶¶ 3-4; R. Doc. 31-1 at ¶¶ 3-4.

Metairie, Louisiana.[7] While shopping, Plaintiff tripped over a floor tile.[8] Plaintiff underwent a right knee replacement surgery on September 22, 2025.[9]

Plaintiff and Defendant disagree on whether Plaintiff's tripping over the floor tile caused her any injury. Plaintiff alleges this incident caused her to suffer a right knee injury, right knee sprain, pain and swelling, and osteoarthritis.[10] Plaintiff alleges that, following the incident, she received treatment from Dr. Webb, who found that Plaintiff had exacerbated her knee symptoms and administered a steroid injection.[11] Plaintiff alleges her injuries eventually required her to undergo right knee replacement surgery on September 22, 2025.[12] Defendant disputes this characterization of Plaintiff's injuries. Defendant states, and Plaintiff admits, that on January 7, 2025, before the accident occurred, Plaintiff presented to Dr. Webb with complaints of bilateral knee pain, and Dr. Webb diagnosed Plaintiff with arthritis in both knees.[13] Defendant argues that at this January 7, 2025 appointment, Plaintiff and Dr. Webb discussed knee replacement as a treatment option for Plaintiff's knee condition.[14] Defendant argues that Plaintiff's knee injuries and knee replacement surgery are related to this underlying degenerative knee condition, not her tripping over a floor tile at its store.[15]

Plaintiff filed the instant suit on September 5, 2025.[16] Plaintiff brings a negligence claim against Defendant, alleging her injuries and damages were caused by Defendant's failure to adequately maintain the premises, its failure to warn customers of hazardous

---

[7] R. Doc. 30-2 at ¶ 1; R. Doc. 31-1 at ¶ 1.
[8] R. Doc. 30-2 at ¶ 2; R. Doc. 31-1 at ¶ 2.
[9] R. Doc. 30-2 at ¶ 10; R. Doc. 31-1 at ¶ 10.
[10] R. Doc. 31-1 at ¶ 21.
[11] R. Doc. 31-1 at ¶ 25.
[12] R. Doc. 31-1 at ¶ 27.
[13] R. Doc. 30-2 at ¶ 6; R. Doc. 31-1 at ¶ 6.
[14] R. Doc. 30-2 at ¶ 7.
[15] R. Doc. 30-1 at p. 10.
[16] R. Doc. 1.

and defective conditions on the property, and failing to properly and adequately inspect its property, among other negligent acts.[17]

On August 6, 2026, Defendant filed a motion in limine seeking to limit the testimony of Plaintiff's treating physicians to only those opinions found in their medical records.[18] Defendant argues any testimony not contained in medical records is considered expert testimony and, as a result, was required to be disclosed pursuant to Fed. R. Civ. P. Rule 26.[19] Defendant argues that, although treating physicians are exempt from the Rule 26 requirement of providing a written expert report, treating physicians must still provide summary disclosures pursuant to Rule 26(a)(2)(C), which requires non-retained experts to provide a summary of the facts and opinions to which the witness is expected to testify.[20] Defendant argues Plaintiff's Initial Disclosures and Witness List identify her treatment providers as witnesses but do not sufficiently disclose the testimony these medical providers will offer.[21] As a result, Defendant argues the Court should exclude these physicians' testimony regarding medical causation and future medical care to the extent that such testimony is not contained in Plaintiff's medical records.[22]

On August 7, 2026, the day after Defendant filed its motion in limine, it also filed a motion for summary judgment.[23] In the motion for summary judgment, Defendant argues Plaintiff cannot establish an essential element of her claim because she does not offer expert medical testimony to establish that her trip at Defendant's store caused her

[17] R. Doc. 6 at ¶ 10.
[18] R. Doc. 29-1 at p. 8.
[19] *Id.* at pp. 1-2.
[20] *Id.* at p. 2.
[21] *Id.* at p. 8.
[22] *Id.*
[23] R. Doc. 30.

injuries.[24] Defendant offers the sworn affidavit of Dr. John Burvant in which he, after performing an examination of plaintiff's medical records, stated that, in his opinion, Plaintiff did not sustain any injury as a result of the incident at Defendant's store.[25] Defendant further argues that one of Plaintiff's treating physicians, Dr. Webb, testified at his deposition that it was unlikely that Plaintiff's stumble at Defendant's store necessitated Plaintiff's eventual knee surgery.[26] As a result, Defendant argues no genuine issue of material fact exists as to whether Plaintiff's trip caused her resulting injuries and, as a result, Defendant is entitled to summary judgment.[27]

In opposition to Defendant's motion in limine, Plaintiff argues her Initial Disclosures identified the only two treating physicians she will call as witnesses, Dr. Webb and Dr. Morteza Farr, and disclosed the subjects of their anticipated testimony, stating that they may testify as to "Plaintiff's diagnosis, treatment, prognosis, and future medical recommendations, including recommendations related to Plaintiff's knee and arthroplasty."[28] Plaintiff argues her Witness and Exhibit List likewise identified Dr. Webb and Dr. Farr and specifically stated that they may testify as to causation.[29] Plaintiff argues these disclosures provided sufficient notice to Defendant of the treating physicians' anticipated testimony.[30] Plaintiff further argues that, even if the Court did not find Plaintiff's disclosures sufficient under Rule 26, the Court should still allow Plaintiff's

[24] *Id.* at p. 7.
[25] R. Doc. 30-6. Defendant refers to this as an independent medical record examination of Plaintiff. Dr. Burvant did not perform an in-person medical examination of Plaintiff.
[26] R. Doc. 30-1 at p. 10.
[27] *Id.*
[28] R. Doc. 29-2 at p. 4 (Plaintiff's Initial Disclosures). While Plaintiff also argues in her opposition that she adequately disclosed two other treating physicians, Dr. Behr and Dr. Perniciaro, as experts who may testify as to causation, Plaintiff has since represented to the Court and to the Defendant that neither of these physicians will testify at trial and Plaintiff will not rely on their opinions to support causation.
[29] R. Doc. 32 at p. 4.
[30] *Id.*

treating physicians to testify as to causation, as any failure to disclose did not prejudice Defendant.[31]

In opposition to Defendant's motion for summary judgment, Plaintiff argues that genuine issues of material fact exist as to whether the April 14, 2025 incident caused Plaintiff's injuries.[32] Plaintiff argues her medical records demonstrate that she suffered a right knee injury as a result of her tripping at Defendant's store.[33] Plaintiff further argues that Dr. Webb testified during his deposition that Plaintiff's tripping over a tile at Defendant's store could have exacerbated Plaintiff's knee condition.[34]

**LEGAL STANDARD FOR MOTION IN LIMINE**

This Court has authority to grant a motion in limine, in advance of trial, which excludes inadmissible evidence, as well as any and all reference by the parties, attorneys and witnesses to the inadmissible evidence.[35] Expert opinion testimony is subject to Federal Rule of Civil Procedure 26. Rule 26(a)(2)(B) provides that, "if the witness is one retained or specially employed to provide expert testimony in the case," the witness must prepare and sign a written expert report that includes, *inter alia*, a "complete statement of all opinions the witness will express and the basis and reasons for them."

Prior to 2010, witnesses who offered expert testimony, but were not specifically retained to do so, were not required to provide an expert report or disclose the substance of their expert testimony prior to trial.[36] This latter category of witnesses, who are often referred to as "non-retained experts," included treating physicians.[37] At that time it was

---

[31] *Id.* at pp. 4-5.
[32] R. Doc. 31 at p. 1.
[33] *Id.* at pp. 5-6.
[34] *Id.* at p. 6.
[35] *Luce v. U.S.,* 469 U.S. 38, 41 n.4 (1984).
[36] *Rea v. Wisconsin Coach Lines, Inc.*, No. 12-1252, 2014 WL 4981803, at *2–3 (E.D. La. Oct. 3, 2014).
[37] *Id.*

accepted that, "[a] treating physician may testify to his opinions about a plaintiff's injuries if his testimony is based on knowledge acquired during the course of his treatment of the plaintiff."[38]

However, in 2010, Congress amended Rule 26 to add Section (a)(2)(C), which requires non-retained experts such as treating physicians to provide, at least 90 days before the date set for trial, a written disclosure that "must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." While courts "'must take care against requiring undue detail' in Rule 26(a)(2)(C) disclosures, courts in this Circuit have made clear that the summary disclosure should, at the very least, provide an abstract, abridgement, or compendium of the opinion and facts supporting the opinion."[39] "Where a party fails to provide a summary disclosure for a treating physician [under Rule 26(a)(2)(C)], courts limit the physician's testimony to information contained in their medical records . . . .'"[40]

Rule 37(c)(1) allows an expert witness to testify even if a party failed to properly provide information or identify the witness pursuant to Rule 26(a) so long as this failure "was substantially justified or is harmless." In determining whether a Rule 26 violation was harmless, courts in the Fifth Circuit consider four factors: "(1) the importance of the

---

[38] *Knorr*, 2005 WL 2060905, at *3. "A number of courts [have] determined that a treating physician may offer testimony as a non-retained expert if the testimony is confined to those facts or data the physician learned during actual treatment of the plaintiff." *Rea*, 2014 WL 4981803, at *2 (citing *Morgan v. Chet Morrison Contractors, Inc.*, No. 04-2766, 2008 WL 7602163, at *2 (E.D. La. July 8, 2008); *Perdomo v. United States*, No. 11-2374, 2012 WL 2138106, at *4 (E.D. La. June 11, 2012); *LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013); *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008)).

[39] *Cage v. Protective Ins. Co.*, No. CV 24-846, 2026 WL 947907, at *4 (E.D. La. Apr. 8, 2026).

[40] *Herrington v. DG Louisiana LLC*, No. CV 22-1034, 2022 WL 6695208, at *2 (E.D. La. Oct. 11, 2022) (citing *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 16-17039, 2021 WL 111772, at *1 (E.D. La. Jan. 12, 2021)).

evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[41]

**LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[42] "An issue is material if its resolution could affect the outcome of the action."[43] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[44] "All reasonable inferences are drawn in favor of the nonmoving party."[45] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[46]

If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[47] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the

[41] *Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010) (quoting *Texas A&M Research Found. v. Magna Transp.*, 338 F.3d 394, 402 (5th Cir. 2003)).
[42] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[43] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[44] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).
[45] *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal citations omitted).
[46] *Smith v. Amedisys Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[47] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[48]

On the other hand, if the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[49] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[50] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[51] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[52] If the movant meets this burden, "the burden of production shifts [back again] to the

---

[48] *Celotex*, 477 U.S. at 322-24.
[49] *Id.* at 331-32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322-24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (4th ed.) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[50] *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).
[51] *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting).
[52] *Id.* at 332-33.

nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[53] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[54]

Still, "unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[55]

## LAW AND ANALYSIS

### I. The Court will allow Plaintiff's treating physicians, Dr. Webb and Dr. Farr, to testify.

The Court will first address Defendant's motion in limine seeking to prevent Plaintiff's treating physicians, Dr. Webb and Dr. Farr, from testifying as to causation and future medical needs to the extent such opinions are not contained in their medical records. The purpose of Rule 26(a)(2)(C) is to provide opposing parties the opportunity to prepare for effective cross-examination and to arrange for testimony from other

---

[53] *Id.* at 332-33 n.3.
[54] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.
[55] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 n.7 (5th Cir. 1992)).

experts, if necessary.[56] Disclosures under Rule 26(a)(2)(c) need not be extensive.[57] However, "while courts 'must take care against requiring undue detail' in [the] disclosures 'summary,' disclosure should at the very least [be] an 'abstract, abridgement, or compendium' of the opinion facts supporting the opinion."[58]

Defendant argues that, although Plaintiff identified her treating physicians in her initial disclosures and witness list, Plaintiff's descriptions of the testimony these physicians will provide do not satisfy Rule 26(a)(2)(C).[59] As a result, Defendant argues the Court should not allow Plaintiff's treating physicians to testify as to any opinion not contained in Plaintiff's medical records, such as causation and future prognosis.[60]

Plaintiff argues her initial disclosures and witness list provided Defendant with sufficient notice of the subject matter of Dr. Webb and Dr. Farr's testimony.[61] As a result, Plaintiff argues the Court should allow her treating physicians to testify as to causation and future prognosis.[62]

Plaintiff's initial disclosures and witness list provide notice to Defendant of the anticipated testimony of Dr. Webb and Dr. Farr but do not fully satisfy the disclosure requirements of Rule 26(a)(2)(C). Plaintiff was required to provide a "summary of [the expert's] opinions and of the facts on which [the expert] relies to support them."[63] For example, as to Dr. Webb, Plaintiff described him as a

---

[56] *See Cooper v. Meritor, Inc.*, No. 16-56, 2018 WL 1513006, at *3 (N.D. Miss. Mar. 27, 2018).
[57] *Causey v. State Farm Mut. Auto. Ins. Co.*, No. CV 16-9660, 2018 WL 2234749, at *2 (E.D. La. May 16, 2018).
[58] *Id.*
[59] R. Doc. 29-1 at p. 7.
[60] *Id.* at p. 8.
[61] R. Doc. 32 at p. 4.
[62] *Id.*
[63] *Galvez*, 575 F. Supp. 3d at 756.

> physician who provided diagnosis and treatment, medical observations and recommendations for follow-up care, including recommendations related to Plaintiff's knee and arthroplasty.[64]

Similarly, Plaintiff describes Dr. Farr as a

> physician who provided orthopedic evaluation and treatment to Plaintiff, including medical findings, diagnosis, treatment rendered, and recommendations for future care (including knee arthroplasty recommendation).[65]

Plaintiff's descriptions fail to detail the specific medical observations and findings these doctors made regarding Plaintiff's injuries and the facts they relied on in making those findings. Accordingly, Plaintiff's initial disclosures do not satisfy Rule 26(a)(2)(C).[66]

Likewise, Plaintiff's witness list also fails to adequately describe her treating physicians anticipated testimony for purposes of Rule 26(a)(2)(C). Plaintiff states that Dr. Webb will testify to:

> Plaintiff's medical evaluation and treatment; complaints, findings, diagnosis, causation, treatment rendered, medical necessity, prognosis, knee-replacement treatment, and recommendations for follow-up and future care, as reflected in the medical records generated during treatment.[67]

Plaintiff states that Dr. Farr will testify to:

> Plaintiff's orthopedic evaluation and treatment; complaints, medical findings, diagnosis, causation, treatment provided, medical necessity, prognosis, and recommendations for future care, as reflected in the medical records generated during treatment.[68]

Plaintiff describes the subjects about which Dr. Webb and Dr. Farr will testify. However, Plaintiff does not disclose the doctors' opinions on these subjects, let alone the facts they

---

[64] R. Doc. 29-2 at p. 2.
[65] *Id.*
[66] *See Galvez*, 575 F. Supp. 3d at 756.
[67] R. Doc. 28 at ¶ 15.
[68] *Id.* at ¶ 14.

relied on in forming these opinions. Although Plaintiff provides notice of her experts' anticipated testimony, these descriptions fall short of the level of detail the rule requires.[69]

Rule 37(c)(1) allows an expert witness to testify even if a party failed to properly provide information or identify the witness pursuant to Rule 26(a) so long as this failure "was substantially justified or is harmless." In determining whether a Rule 26 violation was harmless, courts in the Fifth Circuit consider four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[70] A district court has broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless.[71] Using this analysis, courts in this circuit have declined to exclude expert opinions of medical providers who will provide essential testimony to a plaintiff's cause, even when the plaintiff has failed to comply with Rule 26(a)(2)(C).[72]

Defendant argues it will be prejudiced if the Court allows Plaintiff's treating physicians to testify regarding matters not contained in Rule 26 disclosures.[73] Defendant does not explain how allowing these treating physicians to provide expert testimony will

[69] *See Cage*, 2026 WL 947907, at *4.
[70] *Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010) (quoting *Texas A&M Research Found. v. Magna Transp.,* 338 F.3d 394, 402 (5th Cir. 2003)).
[71] *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-CV-1028-D, 2017 WL 90366, at *4 (N.D. Tex. Jan. 10, 2017).
[72] *Cage v. Protective Ins. Co.*, No. CV 24-846, 2026 WL 947907, at *5 (E.D. La. Apr. 8, 2026) (allowing the plaintiff's treating physicians to provide expert testimony, even though plaintiff had not provided adequate Rule 26(a)(2)(c) disclosures, because excluding the physicians' testimony "would prevent plaintiff from presenting substantial evidence in support of his claim for damages"); *Galvez v. KLLM Transp. Servs., LLC*, 575 F. Supp. 3d 748, 757 (N.D. Tex. 2021) (allowing a plaintiff's treating physician to provide expert testimony despite the plaintiff's non-compliance with Rule 26(a)(2)(c) when the "expert testimony [was] likely important to [plaintiff's] ability to establish that her medical bills related to her surgery were reasonable and necessary").
[73] R. Doc. 29-1 at p. 6.

cause it prejudice but argues that Plaintiff had ample opportunity to provide expert reports or detailed disclosures that complied with Rule 26 but failed to do so.[74]

Plaintiff argues the Fifth Circuit factors weigh in favor of finding any Rule 26 deficiency harmless.[75] Plaintiff argues allowing Dr. Webb or Dr. Farr to provide expert testimony will not prejudice Defendant because Defendant has already deposed Dr. Webb and questioned him extensively as to medical causation of Plaintiff's injury.[76]

Considering the Fifth Circuit factors, Plaintiff's failure to provide adequate disclosures under Rule 26(a)(2)(C) is harmless and the Court will allow Dr. Webb and Dr. Farr to offer expert testimony at trial as to causation and future medical treatment. The first Fifth Circuit factor—the importance of Dr. Webb and Dr. Farr's testimony—weighs heavily in favor of allowing them to provide expert testimony. In *Cage v. Protective Insurance Company*, Judge Vitter of this district court found this factor supported allowing the plaintiff's treating physicians to provide expert testimony despite the plaintiff's non-compliance with Rule 26 because their testimony was "essential to prove the nature and extent of his injuries."[77] In this matter, Plaintiff argues that Dr. Webb's and Dr. Farr's testimony is essential to proving the causation element of Plaintiff's claims against Defendant and her future medical needs. Excluding these witnesses would severely limit Plaintiff's ability to provide important medical information. Accordingly, the first Fifth Circuit factor weights in favor of allowing Dr. Webb and Dr. Farr to provide expert testimony as to causation and future medical treatment.

---

[74] *Id.*
[75] R. Doc. 32 at p. 5.
[76] *Id.*
[77] *Cage*, No. CV 24-846, 2026 WL 947907, at *5.

While the fourth factor—Plaintiff's explanation of her failure to adequately disclose under Rule 26(a)(2)(C)—weighs against Plaintiff, Plaintiff has not exhibited bad faith in failing to comply with the disclosure requirement. In addition, the remaining considerations of potential prejudice to Defendant and the availability of a continuance of discovery deadlines to cure any potential prejudice weigh in favor of allowing Plaintiff's treating physicians to testify as to causation and future medical prognosis. In *Galvez v. KLLM Transport Services, LLC*, the United States District Court for the Northern District of Texas recognized that a defendant would suffer some prejudice from allowing a treating physician not properly disclosed under Rule 26 to testify as to causation.[78] However, the court still permitted the treating physician to provide expert testimony because the defendant had already deposed the physician and questioned him on causation. Moreover, the court allowed the defendant to move for a continuance of discovery deadlines to allow defendants to designate additional witnesses or take additional depositions related to the physician's testimony.

In this matter, while Plaintiff did not fully comply with the disclosure requirements under Rule 26(a)(2)(C), her listing of Dr. Webb and Dr. Farr in her initial disclosures and her witness list notified Defendant that she would be relying on these physicians' expert testimony at trial. In addition, Defendant has deposed Dr. Webb and questioned him extensively as to his opinions on medical causation. Defendant has adequate notice of Dr. Webb's causation and future medical needs opinions and will suffer no prejudice from his testifying as an expert at trial. Defendant has suffered some prejudice from Plaintiff's failure to disclose Dr. Farr's opinions under Rule 26, as Defendant has not deposed Dr.

---

[78] *Galvez*, 575 F. Supp. 3d at 758.

Farr and remains unaware of what exact opinions she may express at trial regarding causation and future medical needs. The court will allow Dr. Farr to provide expert testimony and will extend the deposition deadline in the scheduling order to allow Defendant, if she wishes, to depose Dr. Farr before trial.

Based on the above four-factor analysis, the Court finds that a majority of the factors weigh in favor of finding that Plaintiff's Rule 26(a)(2)(C) violation is harmless and allowing Dr. Webb and Dr. Farr to provide expert testimony at trial as to causation and future medical needs of the Plaintiff.

## II. Defendant is not entitled to judgment as a matter of law because Plaintiff can provide expert testimony that creates a genuine dispute of material fact.

Defendant is not entitled to judgment as a matter of law on Plaintiff's claims because Plaintiff points to deposition testimony from one of its experts that disputes the expert testimony provided by Defendant. Considering this testimony, and the fact that the Court will allow Dr. Webb and Dr. Farr, to provide expert testimony as to causation, disputed issues of material fact exist as to whether Plaintiff will be able to satisfy the causation element of her negligence claim.

Slip and fall cases are governed by Louisiana Revised Statutes section 9:2800.6(B), which provides in pertinent part:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of [her] cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[79]

To prevail in a negligence claim against Defendant, Plaintiff must demonstrate, by a preponderance of the evidence, that Defendant's actions were both the cause in fact and legal cause of Plaintiff's injuries.[80] "The test for determining the causal relationship between the alleged accident and subsequent injury is whether the plaintiff proves through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident."[81] Furthermore, a plaintiff must provide expert medical testimony when the conclusion regarding medical causation is one that is not within common knowledge of a lay person.[82]

Defendant argues Plaintiff cannot establish that her accident caused her knee injury or necessitated her knee surgery and that, as a result, it is entitled it to summary judgment.[83] Defendant argues Plaintiff has failed to identify an expert to testify regarding medical causation.[84] Defendant offers the affidavit of its expert, Dr. John Burvant, in which he opines that Plaintiff did not suffer any injury as a result of the August 14, 2025 incident.[85] Defendant further argues that, even were the Court to allow Dr. Webb to provide expert testimony, Dr. Webb testified in his deposition that Plaintiff's knee surgery is not related to her stumble at Defendant's store, but rather, was caused by a preexisting degenerative condition.[86]

---

79 LA. R.S. 9:2800.6(B).
80 *Bordenave v. Delta Air Lines, Inc.*, No. CV 18-00637, 2020 WL 377017, *2 (M.D. La. Jan. 23, 2020).
81 *Id* at *2 (quoting *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 (La. 2/20/95), 650 So. 2d 757, 759).
82 *Henry v. O'Charley's Inc.*, No. 2:11-1330, 2013 WL 786417, at *7 (W.D. La. Mar. 1, 2013).
83 R. Doc. 30-1 at p. 5.
84 *Id.*
85 R. Doc. 30-6 at p. 1.
86 *Id.*

Plaintiff responds that in Dr. Webb's deposition, he acknowledged that the incident could have aggravated Plaintiff's underlying knee condition, causing her injury.[87] Plaintiff further argues Dr. Webb testified that, following the incident at Defendant's store, he diagnosed Plaintiff with right knee osteoarthritis "exacerbation" based on Plaintiff's subjective complaints, examination, and history.[88] As a result, Plaintiff argues Dr. Webb's testimony creates a genuine dispute of material fact as to whether Plaintiff's tripping at Defendant's store caused her injury.[89]

A genuine dispute of material fact exists as to whether the April 14, 2025 incident caused Plaintiff's injury. While Dr. Webb did testify that he would find it "hard to imagine" that Plaintiff's tripping over a tile would cause her to undergo a full knee replacement, Dr. Webb also acknowledged that, following the incident, he diagnosed Plaintiff with a right knee osteoarthritis exacerbation based on her subjective complaints of pain, an examination of her knee, and her medical history.[90] Such testimony demonstrates that Dr. Webb believed Plaintiff suffered some aggravation/injury following the April 14, 2025 incident. Moreover, Dr. Webb testified at the end of his deposition that tripping on a tile, as Plaintiff did, could exacerbate an underlying knee condition.[91] In viewing this evidence in a light most favorable to the Plaintiff, a jury could find that Plaintiff suffered an injury from the April 14, 2025 incident. While Defendant argues its evidence outweighs Plaintiff's, the Court cannot make credibility determinations or weigh evidence at this time.[92] Accordingly, there is a genuine dispute of material fact as to whether Plaintiff's

---

[87] R. Doc. 31 at p. 2.
[88] *Id.* at p. 6.
[89] *Id.*
[90] R. Doc. 31-4 at p. 9 ¶ ¶ 1-19.
[91] *Id.* at ¶ ¶ 15-20.
[92] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

tripping at Defendant's store caused her some form of knee injury and Defendant is not entitled to judgment as a matter of law.

**CONCLUSION**

**IT IS ORDERED** that Defendant's motion in limine is **DENIED.**[93] Dr. Webb and Dr. Farr will be allowed to testify and provide opinions on causation and Plaintiff's future medical treatment.

**IT IS FURTHER ORDERED** that Defendant is given leave to depose Dr. Farr on or before September 18, 2026.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **DENIED.**[94]

**New Orleans, Louisiana, this 28th day of August, 2026.**

Susie Morgan

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

93 R. Doc. 29.
94 R. Doc. 30.